LITTLE FALLS FIBRE COMPANY and Others, Plaintiffs, *v.* HENRY FORD & SON, INC., Defendant.

Supreme Court, Saratoga County, May 16, 1927.

Costs — extra allowance — action in equity — damages stipulated at $5,210 — maximum sum which court can allow, under Civil Practice Act, § 1513, is five per cent of amount recovered.

In this action in equity, plaintiffs, who have a common interest therein, sought and obtained a permanent injunction restraining defendant from maintaining flashboards on a dam in the Hudson river and a judgment for the removal of such flashboards. On this motion by plaintiffs for extra allowance for costs, in which it has been stipulated that the amount of damages is $5,210, a sum equal to five per centum of the amount recovered, or $260.50, is the maximum amount which the court is authorized to grant, under section 1513 of the Civil Practice Act. The subject-matter involved in this controversy is the right to erect and maintain flashboards and damages caused thereby to plaintiffs' properties. It does not mean the properties of plaintiffs which may be directly or remotely affected by the result.

APPLICATION for an extra allowance of costs.

*Thomas O'Connor* [*George E. O'Connor* of counsel], for the motion.

*Whalen, Murphy, McNamee & Creble* [*Charles E. Nichols, Jr.,* of counsel], opposed.

HEFFERNAN, J. This is a motion by plaintiffs for an extra allowance of costs. Section 1513 of the Civil Practice Act provides for the granting of an extra allowance " in a difficult and extraordinary case, where a defense has been interposed in an action," which shall not exceed five per centum " upon the sum recovered or claimed, or the value of the subject matter involved." It is conceded that this action is both difficult and extraordinary and the sole question is the amount of the extra allowance which the court, in its discretion, may award to the plaintiffs.

The action is in equity. The plaintiffs sought and obtained a permanent injunction restraining defendant from maintaining flashboards on the Federal dam in the Hudson river at Troy and a judgment for the removal of such flashboards. The parties have a common interest in the stream. The maintenance of these flashboards resulted in the continuous loss of power to plaintiffs from their hydraulic plants and by this method the defendant procured additional power for its own use. It has been stipulated that the amount of damages sustained by two of the three plaintiffs from June 16, 1925, to October 25, 1925, the period when the flashboards were in operation, is $5,210. No claim for damages

on behalf of the third plaintiff was asserted because during that period it was remodelling its mill and its hydraulic plant was not in operation.

The defendant contends that the amount of damages recovered by plaintiffs is the only basis for the computation of an extra allowance. The plaintiffs take the position that the maintenance of these flashboards depreciated the value of their plants and properties approximately from $75,000 to $100,000. They also insist that the fair value of the head or fall of water on their premises, of which they would. be deprived by the use of flashboards, is $64,000 apportioned among them and that the extra allowance should be computed accordingly.

It is not profitable to attempt a definition of the term " subject matter involved " or to analyze the cases on the subject. It is difficult to do either. As I view it, however, the subject-matter involved in this controversy is the right to erect and maintain the flashboards and damages caused thereby to plaintiffs' properties. It does not mean the properties of plaintiffs which may be directly or remotely affected by the result. The value of plaintiffs' properties with and without flashboards is only incidentally in issue. I am, therefore, convinced that five per cent of the amount recovered by plaintiffs, namely, $260.50, is the maximum sum which the court is authorized to grant on this application. This has been an expensive case for plaintiffs and if the power existed it justifies the aggregate allowance which the court is authorized to make in any case. In order that the plaintiffs may not be embarrassed in reviewing this determination the order to be entered hereon may contain a provision to the effect that the amount allowed is not the result of judicial discretion but is controlled by statutory limitation.

An order may be submitted accordingly.